AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:   ALINE R. FLODR
       SHEB SWETT
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       (212) 637-6522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                               :
UNITED STATES OF AMERICA,
                                                               :
                Plaintiff,
                                                               :
       -v.-
                                                               :
$97.18 IN UNITED STATES CURRENCY                                    VERIFIED CIVIL COMPLAINT
FORMERLY CONTAINED IN CHASE BANK      :             FOR FORFEITURE
ACCOUNT 932729168, HELD IN THE NAME
OF "SEFIRA TYSONS MANAGER, LLC;"      :             21 Civ. _____

$380.00 IN UNITED STATES CURRENCY     :
FORMERLY CONTAINED IN CHASE BANK
ACCOUNT 932705036, HELD IN THE NAME   :
OF "SEFIRA TYSONS U.S. HOLDING, INC.;"
                                                               :
$320,823.20 IN UNITED STATES CURRENCY
FORMERLY CONTAINED IN CHASE BANK      :
ACCOUNT 932735991, HELD IN THE NAME
OF "SEFIRA TYSONS OWNER, LP;"         :

$2.00 IN UNITED STATES CURRENCY       :
FORMER CONTAINED IN CHASE BANK
ACCOUNT 293919392, HELD IN THE NAME   :
OF "SEFIRA IVY MANAGER, LLC;"

1

|  |  |
|---|---|
| $23,686.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 293916521, HELD IN THE NAME OF "SEFIRA IVY OWNER, LP;" | : : : |
| $13.01 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 317381827, HELD IN THE NAME OF "SEFIRA EAGLE MANAGER, LLC;" | : : |
| $511,234.82 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 317505912, HELD IN THE NAME OF "SEFIRA EAGLE OWNER, LP;" | : : : |
| $8,642,406.99 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 317399811, HELD IN THE NAME OF "SEFIRA LOFTS MANAGER, LLC;" | : : : |
| $8,692,483.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 362983907, HELD IN THE NAME OF "SEFIRA RENAISSANCE MANAGER, LLC;" | : : : |
| $531,446.30 IN UNITED STATE CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 109716388, HELD IN THE NAME OF "SEFIRA TOWN CENTER OWNER, LP;" | : : : |
| $181.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 932699650, HELD IN THE NAME OF "SEFIRA WEBB BRIDGE MANAGER, | : : |

LLC;"

:

$10,849.25 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 935585377, HELD IN THE NAME OF "SEFIRA WEBB BRIDGE OWNER, LP;"

:

:

$8.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 215827350, HELD IN THE NAME OF "SEFIRA WESTON MANAGER, LLC;"

:

:

$1.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 215832822, HELD IN THE NAME OF "SEFIRA WESTON U.S. HOLDING, LLC;"

:

:

$5,054.75 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 215815355, HELD IN THE NAME OF "SEFIRA WESTON OWNER, LP;"

:

:

$1.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 928816565, HELD IN THE NAME OF "SEFIRA STONEWALL U.S. HOLDING, INC.;"

:

:

$ 158,824.54 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 928818298, HELD IN THE NAME OF "SEFIRA STONEWALL OWNER, LP;"

:

:

$1,930,697.65 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 919596713, HELD

:

3

IN THE NAME OF "SEFIRA PEPPER OWNER, LP;"   :

:

$68.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 157793552, HELD IN THE NAME OF "SEFIRA OZARKS MANAGER, LLC;"   :

$1.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 912295172, HELD IN THE NAME OF "SEFIRA OZARKS U.S. HOLDING, INC.;"   :

:

$5,009.48 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 912301871, HELD IN THE NAME OF "SEFIRA OZARKS OWNER, LP;"   :

$60.00 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 131768852, HELD IN THE NAME OF "SEFIRA COURTHOUSE MANAGER, LLC;"   :

$5,475.43 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 133881729, HELD IN THE NAME OF "SEFIRA COURTHOUSE OWNER, LP;"   :

:

$0.11 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK ACCOUNT 828529375, HELD IN THE NAME OF "SEFIRA COCOA BEACH U.S. HOLDING, INC.;"   :

:

$823,965.83 IN UNITED STATES CURRENCY FORMERLY CONTAINED IN CHASE BANK   :

ACCOUNT 828500202, HELD IN THE NAME
OF "SEFIRA COCOA BEACH OWNER, LP;"                :

$18,966.72 IN UNITED STATES CURRENCY              :
FORMERLY CONTAINED IN CHASE BANK
ACCOUNT 851585039, HELD IN THE NAME               :
OF "SEFIRA CYPRESS U.S., LLC;"

                                                  :

$796,198.00 IN UNITED STATES CURRENCY
FORMERLY CONTAINED IN CHASE BANK                  :
ACCOUNT 851553102, HELD IN THE NAME
OF "SEFIRA CYPRESS U.S. HOLDING, INC.;"           :

$2,720.65 IN UNITED STATES CURRENCY               :
FORMERLY CONTAINED IN CHASE BANK
ACCOUNT 870781510, HELD IN THE NAME               :
OF "SEFIRA ACQUISITIONS, LLC;"

                                                  :

ALL RIGHT, TITLE AND INTEREST OF
SEFIRA TYSONS OWNER, LP, HELD                     :
DIRECTLY OR INDIRECTLY, IN THE REAL
PROPERTY AND APPURTENANCES
LOCATED AT 7801 LEESBURG PIKE, FALLS              :
CHURCH, VIRGINIA, KNOWN AS "WESTIN
TYSONS CORNER HOTEL," WITH ALL                    :
IMPROVEMENTS AND ATTACHMENTS
THEREON;                                          :

ALL RIGHT TITLE AND INTEREST OF                   :
SEFIRA IVY OWNER, LP, HELD DIRECTLY
OR INDIRECTLY, IN THE REAL PROPERTY
AND APPURTENANCES LOCATED AT 625                  :
PIEDMONT AVENUE NE, ATLANTA,
GEORGIA, KNOWN AS "IVY HALL                       :
APARTMENTS," WITH ALL
IMPROVEMENTS AND ATTACHMENTS                      :
THEREON; AND

                                                  :
ALL RIGHT TITLE AND INTEREST OF
SEFIRA EAGLE OWNER, LP, HELD

5

| | |
|---|---|
| DIRECTLY OR INDIRECTLY, IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 100 MALAGA WAY (1200 ACADEMIC PARKWAY), LOCUST GROVE, GEORGIA, KNOWN AS "EAGLE'S BROOKE APARTMENTS," WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON | :<br>:<br>:<br>:<br>: |
| Defendants in Rem. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

Plaintiff United States of America, by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 21, United States Code, Section 881, by the United States of America seeking the forfeiture of the following amounts of money:

   a. $97.18 in United States currency formerly contained in Chase bank account 932729168, held in the name of "Sefira Tysons Manager, LLC" (the "$97.18 in United States currency");

   b. $380.00 in United States currency formerly contained in Chase Bank account 932705036, held in the name of "Sefira Tysons U.S. Holding, Inc." (the "$380.00 in United States currency");

   c. $320,823.20 in United States currency formerly contained in Chase Bank account 932735991, held in the name of "Sefira Tysons Owner, LP" (the

"$320,823.20 in United States currency");

d. $2.00 in United States currency formerly contained in Chase Bank account 293919392, held in the name of "Sefira Ivy Manager, LLC" (the "$2.00 in United States currency");

e. $23,686.00 in United States currency formerly contained in Chase Bank account 293916521, held in the name of "Sefira Ivy Owner, LP" (the "$23,686.00 in United States currency");

f. $13.01 in United States currency formerly contained in Chase Bank account 317381827, held in the name of "Sefira Eagle Manager, LLC" (the "$13.01 in United States currency");

g. $511,234.82 in United States currency formerly contained in Chase Bank account 317505912, held in the name of "Sefira Eagle Owner, LP" (the "$511,234.82 in United States currency");

h. $8,642,406.99 in United States currency formerly contained in Chase Bank account 317399811, held in the name of "Sefira Lofts Manager, LLC" (the "$8,642,406.99 in United States currency");

i. $8,692,483.00 in United States currency formerly contained in Chase Bank account 362983907, held in the name of "Sefira Renaissance Manager, LLC" (the "$8,692,483.00 in United States currency");

j. $531,446.30 in United States currency formerly contained in Chase Bank account 109716388, held in the name of "Sefira Town Center Owner, LP" (the "$531,446.30 in United States currency");

k.      $181.00 in United States currency formerly contained in Chase Bank account 932699650, held in the name of "Sefira Webb Bridge Manager, LLC" (the "$181.00 in United States currency");

l.      $10,849.25 in United States currency formerly contained in Chase Bank account 935585377, held in the name of "Sefira Webb Bridge Owner, LP" (the "$10,849.25 in United States currency");

m.      $8.00 in United States currency formerly contained in Chase Bank account 215827350, held in the name of "Sefira Weston Manager, LLC" (the "$8.00 in United States currency");

n.      $1.00 in United States currency formerly contained in Chase Bank account 215832822, held in the name of "Sefira Weston U.S. Holding, LLC" (the "Weston $1.00 in United States currency");

o.      $5,054.75 in United States currency formerly contained in Chase Bank account 215815355, held in the name of "Sefira Weston Owner, LP" (the "$5,054.75 in United States currency");

p.      $1.00 in United States currency formerly contained in Chase Bank account 928816565, held in the name of "Sefira Stonewall U.S. Holding, Inc." (the "Stonewall $1.00 in United States currency");

q.      $158,824.54 in United States currency formerly contained in Chase Bank account 928818298, held in the name of "Sefira Stonewall Owner, LP" (the "$158,824.54 in United States currency");

r.      $1,930,697.65 in United States currency formerly contained in Chase

        Bank account 919596713, held in the name of "Sefira Pepper Owner, LP" (the "$1,930,697.65 in United States currency");

s.    $68.00 in United States currency formerly contained in Chase Bank account 157793552, held in the name of "Sefira Ozarks Manager, LLC" (the "$68.00 in United States currency");

t.    $1.00 in United States currency formerly contained in Chase Bank account 912295172, held in the name of "Sefira Ozarks U.S. Holding, Inc." (the "Ozarks $1.00 in United States currency");

u.    $5,009.48 in United States currency formerly contained in Chase Bank account 912301871, held in the name of "Sefira Ozarks Owner, LP" (the "$5,009.48 in United States currency");

v.    $60.00 in United States currency formerly contained in Chase Bank account 131768852, held in the name of "Sefira Courthouse Manager, LLC" (the "$60.00 in United States currency");

w.    $5,475.43 in United States currency formerly contained in Chase Bank account 133881729, held in the name of "Sefira Courthouse Owner, LP" (the "$5,475.43 in United States currency");

x.    $0.11 in United States currency formerly contained in Chase Bank account 828529375, held in the name of "Sefira Cocoa Beach U.S. Holding, Inc." (the "$0.11 in United States currency");

y.    $823,965.83 in United States currency formerly contained in Chase Bank account 828500202, held in the name of "Sefira Cocoa Beach Owner, LP"

       (the "$823,965.83 in United States currency");

  z. $18,966.72 in United States currency formerly contained in Chase Bank account 851585039, held in the name of "Sefira Cypress U.S., LLC" (the "$18,966.72 in United States currency");

  aa. $796,198.00 in United States currency formerly contained in Chase Bank account 851553102, held in the name of "Sefira Cypress U.S. Holding, Inc." (the "$796,198.00 in United States currency");

  bb. $2,720.65 in United States currency formerly contained in Chase Bank account 870781510, held in the name of "Sefira Acquisitions, LLC" (the "$2,720.65 in United States currency");

(1.a through 1.bb collectively, the "Defendants in Rem Currency");

  cc. all right, title and interest of Sefira Tysons Owner, LP, held directly or indirectly, in the real property and appurtenances located at 7801 Leesburg Pike, Falls Church, Virginia, known as "Westin Tysons Corner Hotel," with all improvements and attachments thereon;

  dd. all right title and interest of Sefira Ivy Owner, LP, held directly or indirectly, in the real property and appurtenances located at 625 Piedmont Avenue NE, Atlanta, Georgia, known as "Ivy Hall Apartments," with all improvements and attachments thereon; and

  ee. all right title and interest of Sefira Eagle Owner, LP, held directly or indirectly, in the real property and appurtenances located at 100 Malaga Way (1200 Academic Parkway), Locust Grove, Georgia, known as

"Eagle's Brooke Apartments," with all improvements and attachments thereon;

(1.cc through 1.ee collectively, the "Defendants in Rem Real Property Interests," together with the Defendants in Rem Currency, the "Defendants in Rem.").

2. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A), which provides that a forfeiture action may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and pursuant to Section 1395(b) and (c) of the same title, which provides that a civil forfeiture proceeding for the forfeiture of property may be brought "in any district where such property is found" or "any district into which the property is brought."

4. Agents of the United States Drug Enforcement Administration ("DEA") seized the Defendants in Rem Currency pursuant to a warrant issued by the United States District Court for the Southern District of New York pursuant to the DEA's investigation of money laundering operations organized to launder proceeds from the sale of narcotics.

5. The Defendants in Rem Currency are currently held in the Seized Asset Deposit Fund Account of the United States Marshals Service (the "USMS") located within the judicial district for the Southern District of New York.

6. As set forth below, there is probable cause to believe that the Defendants in Rem are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money

11

laundering) and 1957 (monetary transactions involving property of specified unlawful activity), or property traceable thereto, and pursuant to Title 21, United States Code, Section 881 as moneys furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys or real property used or intended to be used to facilitate a violation of Subchapter 1 of Title 21, United States Code, Chapter 13 on Drug Abuse Prevention and Control.

7. Sefira Capital, LLC, ("Sefira"), a Florida limited liability company, is a Florida-based boutique investment company that sources securities to investors (persons who acquired such securities are collectively referred to herein as the "Investors" and individually as an "Investor"). Such securities involved investments in entities that own or will own, directly and indirectly, various real estate investments including office buildings, multi-family developments, hotels, resorts, and self-storage facilities across the United States. Sefira was founded by two individuals ("Founder-1" and "Founder-2"), is owned by two entities controlled by Founder-1 and Founder-2, and maintains office space in North Miami Beach, Florida.

8. Between in or about 2016 and in or about 2019, Sefira offered equity investments in entities that indirectly owned interests in approximately fifteen real estate projects (collectively the "Sefira Properties," and individually a "Sefira Property") in the United States, raising over $100 million in capital from Investors.

9. The Investors did not invest in Sefira. Rather, for each Sefira Property, Sefira would establish special purpose vehicles (each an "SPV") controlled by Sefira and commonly referred to herein as the "MANAGER", the "U.S. HOLDINGS," and the "OWNER," each with its own bank account. The Investors would invest funds, directly or indirectly, in such

SPVs and, in exchange, the Investors received equity interests in such SPVs. Such SPVs would contribute the funds they received from the Investors to the entity (the "Property Owner") that holds title to or is acquiring title to the applicable Sefira Property and, in exchange, the SPVs received an equity interest in the Property Owner. Each Property Owner included unrelated third-party owners and managers.

10. Each "MANAGER" SPV, "U.S. HOLDINGS" SPV, and "OWNER" SPV owned a bank account titled in its own name. Founder-1 and Founder-2 were the signatories on these accounts, including the accounts that previously held the Defendants in Rem Currency prior to the DEA's seizure (the "Sefira Accounts"). The Defendants in Rem Real Property Interests represent property interests in three of the Sefira Properties for which Sefira offered equity securities as described above.

11. From 2016 to 2019, Sefira, and or certain of the SPVs established by Sefira, received from one or more Investors millions of dollars in criminal proceeds that were invested in certain of the Sefira Properties (whether directly or indirectly) as part of an effort by drug trafficking organizations ("DTOs") and others to launder the criminal proceeds through a shadow financial system commonly known as the Black Market Peso Exchange ("BMPE") by concealing, among other things, their source and nature.

12. DTOs based in Mexico and elsewhere often transfer their narcotics proceeds from the United States to the country in which they operate via the BMPE. DTOs, after having amassed bulk United States currency, sell that currency at a discount to money-laundering brokers, who retrieve the bulk cash in the United States and deposit it into shell accounts in the United States while paying the DTOs for the bulk cash in pesos. At the same

time, the money-laundering brokers will purchase bulk pesos from individuals in Mexico or elsewhere who wish to transfer money to the United States while circumventing the banking system. The money-laundering brokers will pay for these pesos by transferring narcotics proceeds from the U.S.-based shell accounts to accounts controlled by the individuals.

13. As part of an investigation of international money laundering, the DEA used confidential sources to facilitate certain transactions on the BMPE to uncover persons engaged in illegal activity and develop evidence for criminal prosecutions (the "DEA Undercover Operation"). As part of the DEA Undercover Operation, confidential sources bought narcotics proceeds on the BMPE, and those funds were retrieved by either an undercover law enforcement officer or a cooperating source, and then deposited into a DEA undercover account until the confidential sources received instructions about where to send the proceeds.

14. Between January 2018 and January 29, 2019, as part of the DEA Undercover Operation, the DEA used undercover accounts and directed confidential sources to execute currency exchanges and U.S. dollar payments by one or more overseas Investors that resulted in the transfer of millions of dollars of narcotics proceeds to certain Sefira Accounts at the instruction of money-laundering brokers. The DEA wired these funds to the Sefira Accounts from DEA undercover accounts that were not titled in the name of, or under the control of, any particular Sefira Investor. Sefira accepted these funds without inquiring as to the source of ownership of these accounts or funds.

15. In addition, millions of dollars of criminal proceeds were used to fund other Investors' investments in Sefira. Sefira ignored similar red flags for those investments, which involved narcotics proceeds from 2016 to 2019, including discrepancies between the

purported investment amount and the actual amount Sefira received from Investors, as well as discrepancies between the purported Investors and the entities sending the investments to Sefira.

16. Between 2016 and 2019, as part of the conduct described above, narcotics proceeds were laundered through the Sefira Accounts into various Sefira Properties, including the Sefira Properties associated with the Defendant in Rem Real Property Interests.

## CLAIMS FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

17. Paragraphs 1 through 16 of this Complaint are repeated and re-alleged as if fully set forth herein.

18. By reason of the foregoing the Defendants in Rem are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A).

19. Title 18, United States Code, Section 981(a)(1)(A) subjects to civil forfeiture:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

20. Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) impose a criminal penalty on any person who:

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity –

. . .

15

     (A)(i) with the intent to promote the carrying on of specified unlawful activity;

 . . .

     (B) knowing that the transaction is designed in whole or in part –

       (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]

  21. For purposes of Section 1956, "specified unlawful activity," defined in Title 18, United States Code, Section 1956(c)(7), includes, among other things, racketeering activity as defined in Title 18, United States Code, Section 1961(1). Section 1961(1), in turn, defines racketeering activity to include "felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in**
**Violation of 18 U.S.C. § 1957 or Property Traceable to Such Property)**

  22. Paragraphs 1 through 16 of this Complaint are repeated and re-alleged as if fully set forth herein.

  23. Pursuant to Title 18, United States Code, Section 981(a)(1)(A) any property, real or personal, involved in a transaction or attempted transaction in violation Title 18, United States Code, Section 1957, or any property traceable to such property, is subject to forfeiture to the United States.

24. Title 18, United States Code, Section 1957 imposes a criminal penalty on any person who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." Section 1957(f)(1) defines monetary transaction to include the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds . . . ."

25. As set forth above, pursuant to Title 18, United States Code, Sections 1956(c)(7), 1957(f)(3), and 1961(1), felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance is a specified unlawful activity for the purposes of Section 1957. See ¶¶ 17-21, supra.

26. By reason of the foregoing the Defendants in Rem Property are also subject to forfeiture to the United States pursuant to pursuant to Title 18, United States Code, Section 981(a)(1)(A) as (i) property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1956, or property traceable to such property, and (ii) property involved in a monetary transaction in criminally derived property, in violation of Title 18, United States Code, Section 1957, or property traceable to such property.

**Forfeiture Under 21 U.S.C. § 881(a)(6)**
**(Moneys Furnished in Exchange for a Controlled Substance or Proceeds Traceable to Such an Exchange or Moneys Used to Facilitate Violation of the Control and Enforcement Provisions of United States Code Regarding Drug Abuse Prevention and Control)**

27. Paragraphs 1 through 16 of this Complaint are repeated and re-alleged as if fully set forth herein.

28. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

By reason of the foregoing the Defendants in Rem are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6) as (i) moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Control and Enforcement provisions of Title 21 of the United States Code regarding Drug Abuse and Prevention Control; (ii) proceeds traceable to such an exchange; and (iii) moneys used or intended to be used to facilitate any violation of the Control and Enforcement provisions of Title 21 of the United States Code regarding Drug Abuse and Prevention Control.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants in Rem and that all persons having an interest in the Defendants in Rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants in Rem to the United States of America

for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       January 8, 2021

                          AUDREY STRAUSS
                          Acting United States Attorney for the
                          Southern District of New York
                          Attorney for the Plaintiff
                          United States of America

By: _____
                          ALINE R. FLODR
                          SHEB SWETT
                          Assistant United States Attorney
                          One St. Andrew's Plaza
                          New York, New York 10007
                          Telephone: (212) 637-6522

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK :
SOUTHERN DISTRICT OF NEW YORK )

    DANIEL A. SOCIAS, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the Drug Enforcement Administration; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

_____
DANIEL A. SOCIAS
Special Agent
Drug Enforcement Administration

Executed on this
8th day of January, 2021